UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOA HELMER; DORIT HELMER, Individually and as Parent and Next Friend of L.H., a minor, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF EDUCATION OF NILES TOWNSHIP HIGH SCHOOL DISTRICT 219; NILES NORTH HIGH SCHOOL, <br><br> Defendants. | No. 25-cv-13954 <br> Judge Georgia N. Alexakis |

## JOINT INITIAL STATUS REPORT

NOW COME Plaintiffs, NOA HELMER, DORIT HELMER, and L.H. ("Plaintiffs") and Defendants, BOARD OF EDUCATION OF NILES TOWNSHIP HIGH SCHOOL DISTRICT 219 and NILES NORTH HIGH SCHOOL (collectively, the "District" or "Defendants"), by and through their counsel, and submit the following Joint Initial Status Report:

I. **Nature of the Case:**

    A. Attorneys of records for each party.

        **(1) For Plaintiffs**
        Baruch S. Gottesman, Esq. (lead trial attorney)
        Gottesman Legal PLLC
        11 Broadway, Suite 615
        New York, NY 10004
        (212) 401-6910
        bg@gottesmanlegal.com

        **(2) For Defendants**
        Nikoleta Lamprinakos (lead trial attorney)
        Aidan C. Falk
        Robbins Schwartz, Ltd.
        190 S. LaSalle Street, Suite 2550
        Chicago, IL 60603
        (312) 332-7760
        nlamprinakos@robbins-schwartz.com
        afalk@robbins-schwartz.com

B. <u>Nature of the Claims Asserted:</u>

Plaintiffs' claims are detailed in eight counts in their Complaint.

(1) In Count I (§ 1983 Action to Enforce McKinney-Vento Rights), Plaintiffs assert that Plaintiffs Noa Helmer and L.H. were deprived of their rights as homeless students under the McKinney-Vento Act when Defendants did not allow them to remain enrolled at Niles North High School for the 2023-2024 school year.

(2) In Count II (Illinois Education for Homeless Children Act, 105 ILCS 45), Plaintiffs assert that Plaintiffs Noa Helmer and L.H. were deprived of their rights as homeless students under the Illinois Education for Homeless Children Act when Defendants did not allow them to remain enrolled at Niles North High School for the 2023-2024 school year.

(3) In Count III (Violation of Title IV – Hostile Educational Environment), Plaintiffs allege that the Defendants violated Title IV by denying them enrollment on the basis of their ties to Palestine while not identifying as "Arab", because of their religious objections to and dissent from the Arab nationalist project, and because of their ethnic ancestry. Plaintiffs further allege that the District allowed Plaintiffs to be subjected to "severe, pervasive and objectively offensive harassment" on the basis of the hostile education environment that the Defendants encouraged against those who dissent from the Arab nationalist project, those who have ties to Palestine but do not identify as "Arab" and those who identify with an ethnicity against whom the government encourages discrimination, thereby creating a hostile educational environment.

(4) In Count IV (Illinois Civil Rights Act of 2003, 740 ILCS 23/5), Plaintiffs allege that the Defendants violated the Illinois Civil Rights Act of 2003 (ICRA) by denying Plaintiffs enrollment and subjecting them to discrimination on the basis of their dissent from the Arab nationalist political project, having ties to Palestine while not identifying as "Arab" and because of the government encouragement of discrimination against the Plaintiff's ethnicity.

(5) In Count V (§ 1983 Procedural Due Process), Plaintiffs assert that Defendants failed to provide notice and opportunity for Plaintiffs to be heard regarding their unenrollment from the District, thus resulting in a denial of their procedural due process rights.

(6) In Count VI (§ 1983 Equal Protection), Plaintiffs allege that they were treated differently because of their dissent from the Arab nationalist political project, having ties to Palestine while not identifying as "Arab" and because of the government encouragement of discrimination against the Plaintiff's ethnicity, and that Defendants intentionally discriminated against them on the same basis under color of state law.

(7) In Count VII (Title VI Retaliation), Plaintiffs assert that the Defendants retaliated against them for engaging in protected activity by unenrolling them from Niles North High School.

(8) In Count VIII (Title VI Intentional Discrimination), Plaintiffs allege that the Defendants and their staff, administrators, and students acting with

2

        Defendants' encouragement intentionally discriminated against Plaintiffs on the basis of their dissent from the Arab nationalist political project, having ties to Palestine while not identifying as "Arab" and because of the government encouragement of discrimination against the Plaintiff's ethnicity, in violation of Title VI.

No counterclaims or third-party claims have been asserted at this time. Defendants are due to file their responsive pleading on January 21, 2026.

C. <u>Major Legal and Factual Issues in the Case:</u>
    (1) Whether Defendants had knowledge of Plaintiffs' living outside of the District for the two years prior to Plaintiffs informing Defendants of such;
    (2) Whether Plaintiffs were treated differently than other students in their same position;
    (3) Whether Plaintiffs qualify as homeless students under the Illinois Education for Homeless Children Act;
    (4) Whether Defendants wrongfully unenrolled Plaintiffs from the District;
    (5) Whether Defendants' de-registering of Plaintiffs was retaliation for Plaintiff Dorit Helmer's protected First Amendment activity.

D. <u>Relief sought by the Parties:</u>
Plaintiffs seek the following relief in their Complaint:
    i.    Declaratory Judgment that the Defendants had discriminated against the Plaintiffs and wrongly un-enrolled them from Niles North;
    ii.    A Permanent Injunction that enjoins Defendants, their agents and employees, and all persons acting in concert or participation with Defendants, from depriving the Plaintiffs and those similarly situated of their rights;
    iii.    A Permanent Injunction that enjoins the Defendants, their agents and employees from adopting government policy to the extent such policies intentionally discriminate or have a disparate impact on those with heritage and nationality ties to Palestine and its neighbors, while not identifying as "Arab"; those who have Ashkenazi Jewish heritage; and those who have religious objections or who otherwise dissent from the Arab nationalist political project as defined by the government;
    iv.    Compensatory damages in an amount to be proven at trial;
    v.    Awarding Plaintiff's legal fees as provided under the relevant statutes and Illinois law;
    vi.    Providing Legal and Equitable Relief to which the Plaintiff is entitled; and
    vii.    Awarding Plaintiff such other relief as this Court may deem just and proper under the circumstances.

Defendants deny that Plaintiffs are entitled to any relief and further deny that Plaintiffs have standing to seek any type of equitable relief in this matter.

II. **Jurisdiction:**

Plaintiffs are citizens and residents of Cook County in the State of Illinois.

Defendant Board of Education of Niles Township High School District 219 is a public school district incorporated in the State of Illinois. Defendant Niles North High School is a high school located within the District.

Plaintiffs assert both federal and state claims.

III. **Status of Service:**

All named defendants have been served at this time.

IV. **Consent to Proceed Before a United States Magistrate Judge:**

Plaintiffs do not consent to proceed before a Magistrate Judge.

Defendants do not consent to proceed before a Magistrate Judge.

V. **Motions:**

Currently, there are no pending motions. Defendants are due to file their responsive pleading to Plaintiffs' Complaint by January 21, 2026. Defendants intend to file a Motion to Dismiss Plaintiff's Complaint.

Depending on the substance of the Motion, the Plaintiffs may seek leave to Amend the Complaint (or if Chamber practice is to direct the filing of an Amended Pleading without formal request, to do so without formal request for leave) or respond directly to the Complaint.

VI. **Case Plan:**

    A. Submit a proposal for a discovery plan, including the following information:

        (1) General written discovery and document production will be needed. The parties also anticipate oral discovery and possible expert witnesses.

        (2) Rule 26(a)(1) disclosures due May 15, 2026;

        (3) Written discovery should be issued by June 1, 2026;

        (4) Deadline to amend pleadings and add parties: July 10, 2026;

        (5) Fact discovery is to be completed by December 31, 2026;

      (6) Expert discovery will be completed by April 1, 2027. Plaintiffs' expert reports will be delivered on or before January 22, 2027. Defendants' expert reports will be delivered on or before February 22, 2027;

      (7) Dispositive motions are due to be filed on or before April 15, 2027.

  B. Plaintiffs have requested a jury trial.

## VII. Status of Settlement Discussions:

  A. No settlement discussions have occurred.
  B. A settlement demand has not been made.
  C. Settlement discussions are premature given the status of the case and the need for discovery.
  D. At this time, parties are not requesting a settlement conference.

## VIII. Other

  A. Nothing at this time.

Respectfully submitted,

By: s/ Baruch Gottesman
Baruch Gottesman, Esq.
Gottesman Legal PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiffs*

By: s/ Nikoleta Lamprinakos
Nikoleta Lamprinakos
Aidan C. Falk
Robbins Schwartz, Ltd.
190 S. LaSalle Street, Suite 2550
Chicago, IL 60603
(312) 332-7760
nlamprinakos@robbins-schwartz.com
afalk@robbins-schwartz.com
*Counsel for Defendants*

## **PROOF OF SERVICE**

      I, Nikoleta Lamprinakos, an attorney, certify that the foregoing Joint Initial Status Report was electronically filed with the Clerk of the Court using the CM/ECF system on this 15th day of January, 2026, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D).

                                                  /s/ Nikoleta Lamprinakos