**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NOA HELMER; DORIT HELMER,
Individually and as Parent and Next Friend of
L.H., a minor,

       Plaintiff,

    v.

BOARD OF EDUCATION OF NILES
TOWNSHIP HIGH SCHOOL DISTRICT
219,

       Defendant.

No. 25-cv-13954
Judge Georgia N. Alexakis

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFFS' AMENDED COMPLAINT**

Defendant, BOARD OF EDUCATION OF NILES TOWNSHIP DISTRICT 219, (hereinafter the "District"), by and through its attorneys, Nikoleta Lamprinakos and Aidan C. Falk of ROBBINS SCHWARTZ, LTD., hereby moves to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, the District states as follows:

1. On November 13, 2025, Plaintiffs Noa Helmer and Dorit Helmer, individually and as parent and next friend of L.H., a minor, filed an eight-count Complaint against the Board of Education (the District), and Niles North High School. *See* Dkt. 1.

2. On January 21, 2026, Defendant filed its Motion to Dismiss Plaintiff's Complaint and Memorandum in Support of its Motion to Dismiss. *See* Dkts. 21, 22.

3. Plaintiffs filed their Amended Complaint on March 27, 2026. *See* Dkt. 30.

4.      In light of Plaintiffs' Amended Complaint, the Court denied Defendant's Motion to Dismiss the original Complaint as moot. *See* Dkt. 30.

5.      Plaintiffs allege a Section 1983 Action to Enforce McKinney-Vento Rights (Count I), violation of the Illinois Education for Homeless Children Act, 105 ILCS 45 (Count II), violation of Title VI – Hostile Educational Environment (Count III), violation of the Illinois Civil Rights Act of 2003, 740 ILCS 23/5 (Count IV), violation of Section 1983 Procedural Due Process (Count V), violation of Section 1983 Equal Protection (Count VI), violation of Title VI – Retaliation (Count VII), violation of Title VI – Intentional Discrimination (Count VIII), and violation of Title VI – Intentional Discrimination (Count IX).  *See* Dkt. 30.

6.      All claims generally arise from events that transpired in the 2023-2024 school year where Plaintiffs allege to be unlawfully unenrolled by the District following their displacement from their home, which was destroyed in a November 2021 fire, to a rental home located outside of the District boundaries in December of 2021. Plaintiffs allege that they were unlawfully unenrolled from the District due to Plaintiff, Dorit Helmer's, First Amendment advocacy; their national origin – namely, Ashkenazi Jewish; and the disabilities of LH and Noa.

7.      Count V of Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) as the court lacks subject matter jurisdiction.

8.      Counts I, II, III, IV, V, VI, VII, VIII, and IX must be dismissed pursuant to FRCP 12(b)(6) as Plaintiffs fail to state claims upon which relief can be granted.

9.      All counts brought by Plaintiff Dorit Helmer in her individual capacity must be dismissed pursuant to FRCP 12(b)(6) as she lacks standing.

## STANDARD OF REVIEW

**A.  Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a cause of action when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The "district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). However, when subject matter jurisdiction is not apparent on the face of the complaint and is contested, the district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 198 (1936)). Based on Federal Rule of Civil Procedure 12(b)(1), Count V should be dismissed by the Court as it lacks subject matter jurisdiction for the claim.

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) states that causes of action must be dismissed if they fail to state a claim upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Id.* Courts are not required to accept assertion of law or unwarranted factual inferences. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). Thus, to survive a motion to dismiss, a complaint must contain sufficient allegations that, if accepted as true, state a claim that is plausible

on its face. *Iqbal*, 566 U.S. at 678. Additionally, a dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim. *Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)* (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)); see also *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011). Based on Federal Rule of Civil Procedure 12(b)(6), Counts I, III, V, VI, VII, and VIII should be dismissed by the Court because they fail to state a claim upon which relief can be granted.

1. <u>Illinois Local Governmental and Governmental Employees Tort Immunity Act</u>

Counts II and IV must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as they are time barred under the Illinois Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Tort Immunity Act"). A motion to dismiss on statute of limitations grounds qualifies as a motion to dismiss for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012), citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("A district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred…"). The *Erie* doctrine, "calls on federal courts applying state law to use state substantive law and federal procedural rules." *Sumrall v. LeSEA, Inc.*, 104 F.4th 622, 629 (7th Cir. 2024) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). "The doctrine though typically applied in diversity cases applies equally to state law claims arising through supplemental jurisdiction." *Id.* (quotation omitted and cleaned up). Accordingly, the state law claims will be assessed under the federal pleading standards. Fed. R. Civ. P. 8(a).

Section 8-101 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Tort Immunity Act") establishes a one-year statute of limitations period for actions filed against local public entities. 745 ILCS 10/8-101 (West 2024). A local public entity includes a school district or a school board. 745 ILCS 10/1-206 (West 2024).

Accordingly, Counts II and IV are time barred pursuant to the Tort Immunity Act, and must be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

The District's Memorandum of Law in Support of its Motion to Dismiss is filed contemporaneously herewith.

Respectfully submitted,

BOARD OF EDUCATION OF NILES TOWNSHIP HIGH SCHOOL DISTRICT 219

By: /s/ Nikoleta Lamprinakos
One of its Attorneys

Nikoleta Lamprinakos (6274018)
Aidan C. Falk (6342072)
ROBBINS SCHWARTZ, LTD.
190 S. LaSalle St., Suite 2550
Chicago, IL 60603
Phone: 312.332.7760
nlamprinakos@robbins-schwartz.com
afalk@robbins-schwartz.com

## PROOF OF SERVICE

I, Nikoleta Lamprinakos, an attorney, certify that the foregoing *Defendant's Motion to Dismiss Plaintiff's Amended Complaint* was electronically filed with the Clerk of the Court using the CM/ECF system on this 24th day of April, 2026, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D).

/s/ Nikoleta Lamprinakos